By the Court.—Curtis, Ch. J.
—The plaintiff in this action recovered a judgment for $2,467.04 against the defendants, for an alleged unlawful taking and detention of his stock of goods, by virtue of an attachment of the plaintiff’s property, in a suit brought by the defendants in the supreme court.
At the trial of the action in the supreme court, the complaint was dismissed, and the plaintiff appealed. Pending this appeal the present action in this court was commenced and brought to trial, resulting in the judgment above-mentioned against the defendants, and from which they have appealed and stayed execution by an undertaking. Since such judgment in the superior court, the supreme court at general term has. reversed the judgment at the circuit and ordered a new trial, thus restoring the attachment.
It is but just that the defendants, in the suit in this court, should have the protection of the attachment in the supreme court, if that was lawfully issued and proceeded upon, and not be prejudiced by the judgment upon the verdict at the circuit, which was afterwards reversed. The plaintiff in this court has the security of his judgment and the undertaking, during the stay awarded by the order appealed from, until the final judgment in the supreme court. It would be palpably erroneous to subject the defendants in this court to damages for their acts under an alleged void attach *140 ment in the supreme court, which attachment that court has, since the trial here, held to be valid, and to authorize the acts complained of as done under it.
The order appealed from is in accordance with the views often expressed, both of this court and the supreme court. “ The court which first acquires jurisdiction should dispose of the whole matter. Any other court in which subsequent proceedings are taken for the same purpose, should, as well from feelings of amity as from a desire to avoid a conflict of jurisdiction, restrain the further prosecution of the second action” (McCarthy v. Peake, 9 Abb. 164; Litchfield v. Smith, 7 Robt. 306).
The power of staying proceedings should be exercised in consistency with the due ■ protection of the legal rights of all parties, and with the spirit expressed in the opinions in the cases above cited.
The order appealed from should be affirmed, with costs.
Freedman, J., concurred.